IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:16CV398-FDW-DSC

TERESA ENGLE,  )
        Plaintiff,  )
          )
    vs.  )   **MEMORANDUM AND RECOMMENDATION**
          )
NANCY A. BERRYHILL,[1]  )
**Commissioner of Social**  )
**Security Administration,**  )
        Defendant.  )
_____)

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and Defendant's "Motion for Summary Judgment" (document #15), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

## I. PROCEDURAL HISTORY

On May 7, 2013, Plaintiff filed a claim for a period of disability and disability insurance benefits ("DIB") alleging she became disabled on December 31, 1999, due to obsessive

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. No further action is necessary pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

compulsive disorder ("OCD") and attention deficit hyperactivity disorder ("ADHD"). (Tr. 154, 158). The procedural history is not in dispute. The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on December 20, 2016. She argues that the Administrative Law Judge ("ALJ") "erred by not evaluating the medical records which were made after the expiration of Plaintiff's date last insured ("DLI") for benefits."[2] Plaintiff's Memorandum at 1 (document #10).

The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

---

[2]Plaintiff's DLI for DIB was December 31, 2002. 20 C.F.R. § 404.130.

2

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[3] prior to December 31, 2002 as that term of art is defined for Social Security purposes. Substantial evidence supports the ALJ's treatment of the post-DLI-medical evidence. (Tr. 23, 26-27, 459-467, 490-495).

Plaintiff argues that the ALJ's decision is contrary to the Fourth Circuit's holding in Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 340 (4th Cir. 2012) (medical evaluations made

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

3

Case 1:16-cv-00398-FDW-DSC    Document 17    Filed 10/06/17    Page 3 of 6

after claimant's DLI not automatically excluded from consideration and may be relevant to prove a disability arising before the DLI). Bird is distinguishable from this case. Here, there were medical records contemporaneous to the DLI. In Bird, there were none. 699 F.3d at 340. Moreover, Bird permits but does not require the ALJ to consider post-DLI records. Id.

The ALJ considered notes from Plaintiff's treating physician Dr. Donna McGee, including Plaintiff's June 13, 2002 self-reported denial of prior or current significant psychiatric issues. The ALJ also considered Dr. McGee's June 20, 2002 mental status exam findings and other treatment records leading up to Plaintiff's DLI. (Tr. 23, 490-495). Dr. McGee found Plaintiff to be alert and oriented with appropriate mood and affect. (Tr. 23, 492). The ALJ accurately noted that "[m]edical records consistently showed that the claimant voiced no concerns or complaints regarding anxiety or OCD through December 31, 2002, and there is no indication that she received medication, treatment, or therapy through December 31, 2002, her date last insured." (Tr. 23).

Contrary to Plaintiff's assertion, the ALJ did consider post-DLI records. (Tr. 23-26, 459-69, 490-95). He discussed records from C. Susan Connor, MA, LMFT and Dr. Jey Hiott dated August 4, 2015 (Tr. 23, 459-461). The ALJ noted that Plaintiff began weekly treatment on May 27, 2014. Dr. Hiott opined that Plaintiff's ritualized behaviors had increased in severity and frequency over the most recent past, interrupting her life to a greater extent in the past ten years. He diagnosed her with OCD and ADHD, and assigned a global assessment of functioning (GAF) of 48, indicating serious symptoms or serious impairment in social or occupational functioning. (Tr. 23). The ALJ also considered an August 13, 2015 questionnaire submitted by Plaintiff's treating physician Dr. David Vickery. (Tr. 24). The ALJ rejected these opinions, finding that these providers did not begin to treat Plaintiff until years after her DLI. Moreover, these opinions contradicted contemporaneous records from Plaintiff's then treating physician. (Tr. 26). The

4

ALJ found Plaintiff's alleged OCD and anxiety to be non-severe as of her DLI.  Id.

In short, the ALJ considered the post-DLI medical records but found they were too remote in time, particularly in light of contemporaneous records refuting Plaintiff's alleged OCD and anxiety.  This determination is supported by substantial evidence.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence."  Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)."  Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)).  This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. <u>RECOMMENDATIONS</u>

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #15) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. <u>NOTICE OF APPEAL RIGHTS</u>

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same.  Failure to file

objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: October 6, 2017

_____
David S. Cayer
United States Magistrate Judge